**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MCCABE TROTTER & BEVERLY, PC and<br>TAMMY C. RICHARDSON,<br><br>Defendants. | No. 2:20-cv-3680-DCN<br><br>**ORDER** |

The following matter is before the court on defendant Tammy C. Richardson's ("Richardson") motion to dismiss, ECF No. 21, and plaintiff Columbia Casualty Company's ("Columbia") motion to substitute party or to amend, ECF No. 22. For the reasons set forth below, the court grants the motion to amend and denies as moot the motion to substitute party and motion to dismiss.

**I.  BACKGROUND**

Defendant McCabe Trotter & Beverly, PC ("McCabe Trotter") regularly represents homeowner's associations ("HOAs") in efforts to collect past-due assessments from homeowners. In connection with its collection efforts, McCabe Trotter charges various fees, including an initial $65 flat fee to send a letter to the homeowner notifying the homeowner of the past-due assessment. If and when McCabe Trotter takes additional steps to collect the debt—for example, by sending a notice of a lien or filing a foreclosure action—the HOA incurs additional set charges for each task. McCabe Trotter allegedly does not bill the HOA directly for amounts in excess of the initial $65 fee; rather, McCabe Trotter adds those fees to the debt it seeks to collect from the homeowner.

1

McCabe Trotter has professional liability insurance policies with Continental Casualty Company ("Continental"), the parent company of Columbia. The first policy at issue is for the policy period of August 13, 2015 to August 13, 2016 (the "15-16 Policy"), ECF No. 1-6, and the second is for the period of August 13, 2016 to August 13, 2017 (the "16-17 Policy"), ECF No. 1-7 (together, the "Policies"). The Policies provide specified coverage amounts that McCabe Trotter "shall become legally obligated to pay as damages and claims expenses because of a claim that it both first made against the Insured and reported in writing to [Continental] during the policy period by reason of an act or omission in the performance of legal services[.]" ECF No. 1-6 at 11; ECF No. 1-7 at 10. For example, the Policies provide a $2 million coverage limit for a "single claim." ECF No. 1, Compl. at 8.

Certain South Carolina homeowners, including Richardson, filed lawsuits against McCabe Trotter regarding its debt collection practices (the "Underlying Actions"), particularly its inclusion of its attorneys' fees in the represented amount of the homeowners' purported debts. According to the complaint, three of these actions have been fully resolved by settlement, one has been dismissed without prejudice, and Richardson's action was declared a mistrial.

On October 20, 2020, Columbia filed the instant declaratory judgment action, seeking judicial determination of its coverage obligations under the Policies for the Underlying Actions. Compl. Specifically, Columbia seeks a declaration that (1) the Richardson action is not covered by the 16-17 Policy because the claim was not made and reported during that coverage period; (2) the Richardson action is a "single claim" under the 15-16 Policy and thus subject to a $2 million claim limit; and (3) all Underlying

Actions together are a "single claim" and thus are cumulatively subject to a $2 million claim limit under the 15-16 Policy. Id. at 2. The parties agree that the Policies were issued by parent company Continental, not its subsidiary Columbia, and that Continental is the real party in interest in this case. Counsel for Columbia maintains that they inadvertently filed the action in the name of Columbia, rather than Continental, as an "honest mistake." ECF No. 22 at 4.

On February 8, 2021, Richardson filed a motion to dismiss for lack of jurisdiction. ECF No. 21. On February 22, 2021, Columbia responded in opposition, ECF No. 23, and on February 26, 2021, Richardson replied, ECF No. 26. McCabe Trotter also filed a reply on March 1, 2021. ECF No. 27. Columbia filed a motion to amend or substitute party on February 12, 2021. ECF No. 22. On February 26, 2021, Richardson responded, ECF No. 25, and on March 5, 2021, Columbia replied, ECF No. 28. As such, these motions are ripe for review.

### III.  DISCUSSION

Richardson moves to dismiss the action due to lack of subject matter jurisdiction and improper service of process. Specifically, Richardson maintains that no actual case or controversy exists because Columbia is not a real party in interest and lacks standing. Richardson further complains that Columbia never served the summons on her. Columbia agrees that Continental, not Columbia, is the real party in interest, but argues that it may cure this defect by substituting party under Federal Rule of Civil Procedure 17 or, alternatively, by amending its complaint under Federal Rule of Civil Procedure 15. Columbia also argues that Richardson waived formal service of process. The court finds

that Columbia may amend its complaint as a matter of course and thus denies as moot its motion to substitute and Richardson's motion to dismiss.

Under Federal Rule of Civil Procedure 15(a)(1)

A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

A complaint is a pleading to which a responsive pleading is required. Fed. R. Civ. P. 7(a)(2). Therefore, under Rule 15(a)(1)(B), Columbia had an absolute right to amend its complaint at any time until 21 days after the earlier of the filing of "a responsive pleading" or "a motion under Rule 12(b), (e), or (f)." The court acknowledges the split of authority on Rule 15(a)(1)'s application to multi-defendant cases. For example, some courts have held that an amended complaint filed as a matter of right is ineffective as to <u>all</u> defendants if it is filed more than 21 days after the <u>first</u> responsive pleading or defensive motion is filed. See <u>Rubenstein v. Keshet Inter Vivos</u>, 2017 WL 7792570, at *3 (S.D. Fla. Oct. 18, 2017); <u>Williams v. Black Entm't Television, Inc.</u>, 2014 WL 585419, at *3–4 (E.D.N.Y. Feb. 14, 2014). "However, the more common approach is that the 21-day timeframe applies to each defendant independently." <u>Seeberger v. Goodman</u>, 2015 WL 13662654, at *1 (D.N.M. Apr. 3, 2015); see § 18:2. Amendment as of course, 6 Cyc. of Federal Proc. § 18:2 (3d ed.) ("Plaintiff may thus be able to amend as a matter of course regarding any defendants that have not served a responsive

4

pleading."); Rule 15. Amended and Supplemental Pleadings, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 15 ("The prevailing rule is that each defendant is treated separately for purposes of calculating the plaintiff's window to amend once as of right under Rule 15(a)."). Under this approach, a plaintiff may not amend as to defendants who have filed responsive pleadings more than 21 days before the amended complaint but may amend as to those who have not. See, e.g., Villery v. District of Columbia, 277 F.R.D. 218 (D.D.C. 2011); Jackson v. WCM Mortgage Corp., 2013 WL 3967110 (W.D. Tenn. July 31, 2013); Hudson v. State Farm Ins. Co., 2017 WL 11529903, at *2 (E.D.N.C. Dec. 12, 2017) ("[W]here some defendants file a Rule 12(b) motion later than others, the deadline to amend as a matter of course is 21 days after a Rule 12(b) motion is filed, but any amendment is effective only as to those defendants with respect to whom the amendment is timely."); Hylton v. Anytime Towing, 2012 WL 1019829, at *2 (S.D. Cal. Mar. 26, 2012) ("[W]here there are multiple defendants, and this twenty-one day period has expired as to some defendants but not others, the plaintiff may amend the complaint as a matter of course as to those defendants for whom the twenty-one day period has not yet expired."); Crump v. Tcoombs & Assocs., LLC, 2014 WL 4748520, at *5 (E.D. Va. Sept. 23, 2014) (allowing amendment as a matter of course only as to defendant to which the amendment was timely); Devries v. Bulldog Well Testing LLC, 2016 WL 11593994, at *2 (S.D. Tex. Nov. 9, 2016). This court agrees that "[b]esides achieving consistency with analogous pre-2009 case law,[1] this construction

---

[1] Prior to 2009, a plaintiff's right to amend its complaint as a matter of course terminated when an answer was served. Fed. R. Civ. P. 15 advisory committee's notes to 2009 amendments. Under that version of Rule 15, courts held that where an amendment affected all parties, the window to amend as a matter of course remained open until all parties had answered. However, the amendment applied only to those defendants who

5

of the rule is sound where it grants to no party any benefit or detriment based upon the fact of joinder." Hudson, 2017 WL 11529903, at *2.  The latter concern is precisely at issue in this case, given that Richardson attempts to benefit from the timing of McCabe Trotter's answer.

Here, McCabe Trotter filed its answer to the complaint on December 29, 2020—more than 21 days before Columbia filed the motion to amend.  ECF No. 14.  Nevertheless, Columbia represented to the court that McCabe Trotter consented to the proposed amendment in writing, and McCabe Trotter does not dispute this assertion.  See ECF Nos. 22, 27.  As such, the court need only consider the timeliness of the amendment with respect to Richardson.  Richardson filed a motion to dismiss on February 8, 2021—less than 21 days before Columbia filed the instant motion.  ECF No. 21.  Applying the approach adopted above, the court finds that Columbia may amend its complaint as a matter of course with respect to Richardson and does not need this court's leave to do so.  This outcome makes sense under the circumstances: Richardson should not be able to rely on McCabe Trotter's answer to preclude Columbia from amending its complaint as a

---

had not answered as of the time of amendment.  See, e.g., Williams v. Bd. of Regents, 477 F.3d 1282, 1291 (11th Cir. 2007) ("If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." (relying on the rule in effect before the 2009 amendments)); Barksdale v. King, 699 F.2d 744, 747 (5th Cir. 1983) (same).  The 2009 amendments to Rule 15 expanded the time period to amend as a matter of course to 21-days after service of either an answer or a motion attacking the complaint.  While the 2009 amendments provide that the 21-day period is not cumulative if a defendant files both a motion and an answer, they do not provide that all defendants are bound by the same 21-day period triggered upon the first defendant's filing.  The timeframe to amend as a matter of course applied to each defendant individually under the pre-2009 rule, and, absent explicit direction to the contrary, it follows that the rule after the 2009 amendments should likewise be a defendant-specific inquiry.

matter of right, particularly when McCabe Trotter has consented to the amendment. Columbia should be able to file a responsive amendment to Richardson's motion to dismiss as a matter of course to "avoid the need to decide the motion or reduce the number of issues to be decided," as the 2009 amendments to Rule 15 intended.  Fed. R. Civ. P. 15 advisory committee's notes to 2009 amendments.  Because Columbia's right to amend its complaint under these circumstances is absolute, the court need not conduct further inquiry into the propriety of amendment under Rule 15.  See Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013) ("[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend.  The plaintiff's right to amend once is absolute.").  The court therefore directs the clerk to enter Columbia's amended complaint as proposed, ECF No. 22-2.

      A timely filed amended pleading supersedes the original pleading.  Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." (quoting In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000)); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2011) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").  As a result, motions directed at the superseded pleading generally are to be denied as moot.  See, e.g., Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (citing Colin v. Marconi Commerce Sys. Emps.' Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002)) (denying

as moot the defendants' motions to dismiss because the second amended complaint rendered moot the defendants' pending motions to dismiss, which were related to the superseded complaint); McCoy v. City of Columbia, 2010 WL 3447476, at *1–2 (D.S.C. Aug.31, 2010) (adopting the magistrate judge's report and recommendation to the extent that it recommended that the motion to dismiss be found as moot because the amended complaint superseded the original complaint and rendered any attack upon it moot); Rowley v. City of N. Myrtle Beach, 2009 WL 750406, at *2–3 (D.S.C. Mar.16, 2009) (finding the defendants' motion to file answer out of time and the plaintiff's motion for default judgment to be moot based on the defendants' failure to timely answer the original complaint because "[t]he original complaint was, in a sense, amended out of existence").

Here, Columbia's amended complaint attempts to remedy the jurisdictional defects alleged by Richardson, and the court has found that Columbia may file this amendment as a matter of course. ECF No. 22-2. Therefore, any motion directed at the original complaint, including Richardson's motion to dismiss, is moot. If Richardson believes defects remain in the amended complaint, she may file a motion to dismiss addressing the amended complaint within the time frame allotted by the Federal Rules of Civil Procedure. Notably, it is not clear to the court that the defect in Columbia's standing, which Columbia does not dispute, is cured by the amended complaint. See In re Interior Molded Doors Indirect Purchaser Antitrust Litig., 2020 WL 2110931, at *5 (E.D. Va. May 4, 2020) ("In short, the new plaintiffs' claims cannot 'relate back' to placeholder claims in the initial complaint over which the Court lacked jurisdiction."); but see ConnectU LLC v. Zuckerberg, 522 F.3d 82, 96 (1st Cir. 2020) ("But where, as

here, a plaintiff amends its complaint as of right, the Civil Rules operate mechanically, and the judge's authority over the case is not brought to bear.  In that event, the absence of federal subject matter jurisdiction in the original complaint will pose no obstacle to the consideration of an amended complaint.").  Because standing is measured at the time suit is filed, the court orders the parties to file supplemental briefings addressing whether the amended complaint "relates back" under Federal Rule of Civil Procedure 15(c) to the filing of the original complaint such that the court has subject matter jurisdiction over this action.  See, e.g., Keene Corp. v. United States, 508 U.S. 200, 207 (1993) (standing "depends upon the state of things at the time of the action brought").  The court orders that Continental file its supplemental briefing no later than 14 days from the date of this order, and Richardson and McCabe Trotter file their supplemental briefings no later than 7 days thereafter.[2]

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to amend and **DENIES AS MOOT** the motion to substitute party and motion to dismiss.

**AND IT IS SO ORDERED.**

---

[2] Continental may alternatively dismiss and refile the instant action in its own name to cure the court's standing concerns.

 

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 8, 2021**
**Charleston, South Carolina**

10