IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-CV-3680-DCN |
| vs. ) | |
| ) | **ORDER** |
| MCCABE TROTTER & BEVERLY, PC and ) | |
| TAMMY C. RICHARDSON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The following matter is before the court on plaintiff Continental Casualty Company's ("Continental") motion to dismiss, ECF No. 42. For the reasons set forth below, the court grants the motion.[1]

## I. BACKGROUND

Defendant McCabe Trotter & Beverly, PC ("McCabe Trotter") regularly represents homeowner's associations ("HOAs") in efforts to collect past-due assessments from homeowners. In connection with its collection efforts, McCabe Trotter charges various fees, including an initial $65 flat fee to send a letter to the homeowner notifying the homeowner of the past-due assessment. If and when McCabe Trotter takes additional steps to collect the debt—for example, by sending a notice of a lien or filing a foreclosure action—the HOA incurs additional set charges for each task. McCabe Trotter allegedly

---

[1] Defendant Tammy C. Richardson's ("Richardson") also filed a motion to dismiss, ECF No. 40, arguing, inter alia, that the court should decline to exercise jurisdiction over the action under the Declaratory Judgment Act. The court first considers Continental's motion to voluntarily dismiss this action, and because it grants that motion, it finds Richardson's motion to dismiss moot.

1

does not bill the HOA directly for amounts in excess of the initial $65 fee; rather, McCabe Trotter adds those fees to the debt it seeks to collect from the homeowner.

McCabe Trotter has professional liability insurance policies with Continental. The first policy at issue is for the policy period of August 13, 2015 to August 13, 2016 (the "15-16 Policy"), ECF No. 1-6, and the second is for the period of August 13, 2016 to August 13, 2017 (the "16-17 Policy"), ECF No. 1-7 (together, the "Policies"). The Policies provide specified coverage amounts that McCabe Trotter "shall become legally obligated to pay as damages and claims expenses because of a claim that it both first made against the Insured and reported in writing to [Continental] during the policy period by reason of an act or omission in the performance of legal services[.]" ECF No. 1-6 at 11; ECF No. 1-7 at 10. For example, the Policies provide a $2 million coverage limit for a "single claim." ECF No. 38, Amend. Compl. ¶ 36, 40.

Certain South Carolina homeowners, including Richardson, filed lawsuits against McCabe Trotter regarding its debt collection practices (the "Underlying Actions"), particularly its inclusion of its attorneys' fees in the represented amount of the homeowners' purported debts. According to the complaint, three of these actions have been fully resolved by settlement, one has been dismissed without prejudice, and Richardson's action was declared a mistrial.

On October 20, 2020, Columbia filed the instant declaratory judgment action, seeking judicial determination of its coverage obligations under the Policies for the Underlying Actions. ECF No. 1, Compl. Specifically, Columbia seeks a declaration that (1) the Richardson action is not covered by the 16-17 Policy because the claim was not made and reported during that coverage period; (2) the Richardson action is a "single

claim" under the 15-16 Policy and thus subject to a $2 million claim limit; and (3) all Underlying Actions together are a "single claim" and thus are cumulatively subject to a $2 million claim limit under the 15-16 Policy. Amend. Compl. ¶ 3.

Although the parties agree that the Policies were issued by Continental, not its subsidiary Columbia, plaintiff's counsel inadvertently named Columbia as plaintiff in the complaint in this action. See ECF No. 22 at 4. Accordingly, on February 12, 2021, plaintiff's counsel moved to substitute Continental as plaintiff in this action by way of an amended complaint or pursuant to Federal Rule of Civil Procedure 17(a). ECF No. 22. In an order issued on June 8, 2021 (the "June Order"), the court found that Columbia could amend its complaint as a matter of course, but expressed concerns that the amended complaint may not remedy the jurisdictional defect stemming from the fact that Columbia lacked standing at the time the action was brought. ECF No. 37. The court requested supplemental briefing on that issue or alternatively invited Continental, as newly named plaintiff, to voluntarily dismiss the case and file a new action in its own name to moot the court's concern. Id. at 9 n. 2. Continental chose the latter option and, on June 22, 2021, filed a motion to voluntarily dismiss the action without prejudice. ECF No. 42. Richardson responded on July 1, 2021, ECF No. 44, and Continental replied on July 8, 2021, ECF No. 46. As such, the motion to dismiss is now ripe for review.

## II. DISCUSSION

Continental filed a motion to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41. The parties all agree that the court should dismiss the instant action. However, Richardson and Continental disagree as to the appropriate conditions of

dismissal.[2] Upon consideration, the court grants Continental's motion to dismiss without prejudice and declines to impose any conditions on that dismissal.

Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may not voluntarily dismiss its action without a court order after service of an answer or motion for summary judgment, unless a stipulation of dismissal is signed by all parties. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced. McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986); Alamance Industries Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961), cert. denied, 368 U.S. 831 (1961). As a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant. See Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir.1997); Phillips v. Illinois Cent. Gulf R.R., 874 F.2d 984, 986 (5th Cir.1989); Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir.1986); McCants, 781 F.2d at 856–57. Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996);

---

[2] McCabe Trotter consents to dismissal of the action and does not weigh in on the conditions of dismissal. ECF No. 43.

Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir.1987). These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case. See Ohlander, 114 F.3d at 1537.

Rule 41(a)(2) permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice. An award of the taxable costs of the litigation is a common condition imposed by courts for a voluntary dismissal under Rule 41(a)(2). See Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir.1987). Such costs, however, should not include attorneys' fees without a finding of bad faith. Id. ("Nor do we find that the plaintiff has acted in bad faith in seeking dismissal under 41(a)(2) so as to warrant [a condition of attorneys' fees]."); Dean v. WLR Foods, Inc., 204 F.R.D. 75, 80 (W.D. Va. 2001); Haynes v. Genuine Parts Co., 2015 WL 8484448, at *7 (M.D.N.C. Dec. 9, 2015). Furthermore, the costs "must be reasonable and shall not include payment for activities of any defendant that will likely be applicable to any subsequent litigation." Id.

After consideration of the relevant factors, the court does not find unfair prejudice to Richardson that warrants dismissal with prejudice or an award of costs. The court does not find that Columbia, Continental, or their counsel lacked diligence or acted with excessive delay in filing the instant motion to dismiss. Upon realization of their error in misnaming the plaintiff, counsel promptly addressed the mistake by filing a motion to amend or substitute in February 2021—only four months after filing the original complaint. ECF No. 22. The court subsequently issued its June Order, expressing its concern that the amended complaint may not relate back to the filing of the original

5

complaint to cure Columbia's initial lack of standing and inviting Continental to voluntarily dismiss and refile the action. Two weeks later, Continental promptly filed the instant motion to dismiss to avoid further litigation of that jurisdictional issue. Also within two weeks, Continental filed a new action in its own name, Continental Casualty Co. v. McCabe Trotter & Beverly, PC et al., No. 2:21-cv-01849-DCN (D.S.C. 2021) (the "New Action"). Therefore, Columbia and Continental's diligence in rectifying the error favors dismissal without prejudice.

Moreover, Continental acted at the court's invitation in filing the instant motion to dismiss and provided sufficient explanation of the propriety of doing so in its motion. Although Continental does not concede the jurisdictional issue raised by the court, by voluntarily dismissing the action, Continental seeks to avoid additional, unnecessary briefing on the matter. This factor, then, likewise supports dismissal without prejudice.

The stage of litigation further weighs in favor dismissal without prejudice. Continental filed its motion to voluntarily dismiss the action approximately nine months after its commencement. Discovery has not yet closed, and a motion for summary judgment is not pending. Although the action is currently scheduled for trial during the term of court beginning December 1, 2021, in light of the ongoing COVID-19 pandemic and the ensuing backlog of jury trials faced by federal district courts across the nation, this case is by no means on the eve of trial.

The only factor that arguably supports dismissal with prejudice is Richardson's efforts and expenses in defending this action. Richardson complains that, due to opposing counsel's mistake in naming Columbia as plaintiff in this action, defense counsel "had to expend time researching the law, reviewing through the materials

provided, drafting motions and otherwise expending resources related to various motions concerning the lack of subject matter jurisdiction." ECF No. 44 at 11.  The court does not find such expenditure so significant as to warrant dismissal with prejudice.  However, the court considers these expenses in determining whether to impose payment of costs as condition of dismissal.

      Continental argues that the only costs potentially associated with its error were those incurred in connection with Columbia's motion to amend or substitute Continental as named plaintiff.  Continental maintains that Richardson could have avoided the costs of litigating that motion "had she acted reasonably as did McCabe Trotter" in consenting to the amendment.  ECF No. 46 at 8 n. 6.  The court does not agree that Richardson was unreasonable in opposing Columbia's motion to amend or filing her related motion to dismiss on the basis of Columbia's lack of standing, ECF No. 21.  As the court has already noted, it is unclear whether the jurisdictional defect existing at the time the action was brought is cured by the amended complaint.  However, because neither party submitted supplemental briefing on that issue, the court cannot be sure whether Continental could have continued to pursue this action instead of dismissing and refiling.  It declines to punish Continental for sparing the court and the parties of the need to litigate that issue.  Other than the two motions directed at the issue of Columbia's standing, the court finds that most expenses incurred in this action will be equally applicable to the New Action.  For example, Richardson has already filed a motion to dismiss in the New Action nearly identical to the one she filed in this action.  Continental has also stipulated that any discovery obtained in this action may be used in the New Action.  In any event, the court does not find that Columbia, Continental, or plaintiff's

7

counsel acted in bad faith in connection with initially naming Columbia as plaintiff or their subsequent actions to address that error. Therefore, awarding Richardson the attorneys' fees she incurred in challenging that error would be improper. Overall, the equities in this case weigh in favor of requiring all parties to bear their own costs and attorneys' fees. Therefore, the court grants Continental's motion to dismiss without prejudice and without an award of attorneys' fees or costs.

### III.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion and dismisses the action without prejudice.

**AND IT IS SO ORDERED.**

                          **DAVID C. NORTON**
                          **UNITED STATES DISTRICT JUDGE**

**August 26, 2021**
**Charleston, South Carolina**